Filed 4/8/16  In re A.L. CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.L. et al., Persons Coming Under the Juvenile Court Law. | |
| STANISLAUS COUNTY COMMUNITY SERVICES AGENCY, Plaintiff and Respondent, v. ARMANDO L., Defendant and Appellant. | F072356 (Super. Ct. Nos. 517123 & 517124) **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Ann Q. Ameral, Judge.

Matthew I. Thue, under appointment by the Court of Appeal, for Defendant and Appellant.

John P. Doering, County Counsel, and Carrie M. Stephens, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Franson, J. and Smith, J.

Appellant Armando L. (father) is the father of six-year-old Arianna L. and two-year-old A.L., the subjects of this appeal. At a dispositional hearing in January 2015, the juvenile court denied father services to reunify with the children but granted services to their mother, Alisha. In April and June of 2015, father filed petitions under Welfare and Institutions Code section 388[1] asking the juvenile court to provide him reunification services. The juvenile court summarily denied father's petitions and he appealed. In July 2015, while his appeals were pending, father filed a third section 388 petition seeking an order for reunification services. The juvenile court summarily denied the third petition as well and father appealed. In January 2016, in a consolidated opinion, we affirmed the juvenile court's denial orders as to the first two section 388 petitions (case Nos. F071764/F071765).

In this appeal, father contends the juvenile court erred in not conducting an evidentiary hearing. We affirm.

## PROCEDURAL AND FACTUAL SUMMARY

These dependency proceedings were initiated in September 2014. At that time, father and Alisha were living together and caring for their two daughters Arianna L. and A.L., and Alisha's then four-month-old son Michael. Michael was conceived while father was serving a prison sentence for domestic violence against Alisha. B.L. is Michael's father.

On September 12, 2014, the Stanislaus County Community Services Agency (agency) was contacted after Michael sustained a fractured femur indicative of child abuse. The agency took Arianna, A.L., and Michael into protective custody and placed them in foster care. According to father's parole officer, father had difficulty taking care of a child that was "not his blood."

---

[1] All statutory references are to the Welfare and Institutions Code.

The agency filed a dependency petition alleging that Arianna and A.L. were described by section 300, subdivisions (a) (serious physical harm), (b) (failure to protect), and (e) (severe physical abuse; hereafter "the subdivision (e) allegation").

The juvenile court ordered the children detained pursuant to the petition, ordered the agency to refer father, Alisha, and B.L. for services and to arrange supervised visitation. Father was referred for parenting and domestic violence offender's classes and a substance abuse assessment. The court also set a combined jurisdictional/dispositional hearing (hereafter "the combined hearing") for late October 2014.

The combined hearing was continued for several months as the agency sought to subpoena hospital and police records. Meanwhile, father participated in residential drug treatment and regularly visited Arianna, A.L. and Michael. However, the agency reported that Arianna was clearly afraid of her father and regularly voiced her fear and lack of interest in visiting him. Further, although Arianna sometimes warmed up to father during visits, she also claimed that he hit her and A.L.

In January 2015, the juvenile court convened the combined hearing. In its report for the hearing, the agency recommended the juvenile court sustain the allegations in the petition and deny father and Alisha reunification services under section 361.5, subdivision (b)(5) and (6).[2] At the hearing, county counsel informed the court that the agency had negotiated with father and Alisha to offer Alisha reunification services and deny them to father. County counsel further informed the court that the agency had been in the process of securing expert testimony and additional evidence to support its

---

**2** Section 361.5, subdivision (b) provides that the juvenile court need not provide reunification services to a parent if it finds by clear and convincing evidence "(5) [t]hat the child was brought within the jurisdiction of the court under subdivision (e) of Section 300 because of the conduct of that parent" and "(6) [t]hat the child has been adjudicated a dependent under any subdivision of Section 300 as a result of … severe physical harm to the child … and the court makes a factual finding that it would not benefit the child to pursue reunification services with the offending parent."

3

subdivision (e) allegation but had abandoned its efforts in light of the agreement. County counsel asked the court to dismiss the subdivision (e) allegation, sustain the remaining allegations, and deny father reunification services under section 361.5, subdivision (b)(6).

The juvenile court struck the subdivision (e) allegation and Alisha waived her right to a contested hearing on the remaining allegations. Father's attorney made an offer of proof, accepted by the parties, that he understood the resolution and intended to continue counseling and to remain in a clean and sober home. He also asked the court to increase visitation to twice a month.

The juvenile court adjudged the children dependents under section 300, subdivisions (a) and (b). In ruling, the court found that Michael was seriously injured non-accidentally by a parent and that there was sufficient evidence to indicate that father was the perpetrator. The court also ordered reunification services for Alisha and B.L. and denied father reunification services under section 361.5, subdivision (b)(6). The court expressed its concern that Arianna and A.L. were afraid and standoffish with father. The court ordered a minimum of one visit a month but stated it was not opposed to two visits a month if visits went well. The court scheduled a progress review hearing in March 2015, and a six-month review hearing for June 2015.

In March 2015, at the progress review hearing, father's attorney asked the juvenile court to modify his visitation order to a minimum of twice a month for two hours. She informed the court that father graduated from a 90-day substance abuse treatment program and from a parenting program, attended four to five Alcoholics Anonymous/Narcotics Anonymous meetings a week and missed his children very much. County counsel opposed amending father's visitation order and advised the court that it would require father's attorney to file a section 388 petition. The court granted the agency discretion to allow father two visits a month.

In April 2015, father filed a section 388 petition asking the juvenile court to order reunification services for him and increase visitation. He asserted that he completed a

4

16-week anger management course, a 10-week parenting class and three months of inpatient and outpatient substance abuse treatment, and was participating in group therapy. He also stated that he and the children had a close relationship prior to their removal and it would be in their best interest to maintain a relationship with him.

On April 30, 2015, the juvenile court denied father's section 388 petition. On form JV-183 ("Court Order on Form JV-180"), under the section explaining the grounds for denial, the juvenile court checked the boxes stating that the petition did not state new evidence or a change of circumstances, and that the proposed change did not promote the children's best interests. In a handwritten explanation on the form, the juvenile court wrote:

> "Two major factors having to do with denial of services to [father] were injury to a child of very tender years and a serious history of domestic violence. Neither of those issues have been addressed by [father]. Although he has engaged/completed some services, he has not addressed the two other very serious issues, to wit, physical abuse to a child under the age of two and domestic violence in the home."

On June 15, 2015, father filed a notice of appeal seeking relief from the summary denial of his section 388 petition. (Case No. F071764.) On the same date, father filed a second section 388 petition asking the juvenile court to order reunification services. He stated in the petition that he was participating in domestic violence counseling and child abuse and neglect classes through Sierra Education and Counseling Services. He attached progress reports completed by David Polinsky, his group facilitator, showing that he had participated in 18 sessions of domestic violence counseling and three sessions of a 52-week "CAN/Parenting Program." Mr. Polinsky commended father on his commitment to changing his life and making his family whole again. Father also asserted in the petition that the children's best interests would be served by an order for family reunification services because they were bonded to him.

5

On June 18, 2015, the juvenile court summarily denied father's second section 388 petition, again indicating on the form JV-183 that he failed to show a change of circumstances and that the proposed change in circumstances would serve Arianna's and A.L.'s best interests. In a handwritten explanation, the court stated:

> "Although the court appreciates [father's] recent engagement, the court finds only changing not changed circumstances. Attendance at 3 out of 52 CAN classes is not significant. Although he has attended 18 [domestic violence] classes, the physical abuse to a child of tender years has not been adequately addressed by attending 3 classes."

On June 23, 2015, father filed a notice of appeal from the juvenile court's second denial order. (Case No. F071765.) We consolidated the appeals in case Nos. F071764 and F071765 (consolidated appeals).

On June 23, 2015, the juvenile court convened the six-month review hearing. The agency recommended that the juvenile court terminate Alisha and B.L.'s reunification services for failure to make adequate progress in their court-ordered services. Of particular concern with respect to Alisha was that she maintained a romantic relationship with father against her counselors' advice and had conceived another child with him. The court set a contested hearing to be conducted in August 2015.

On July 22, 2015, father filed a section 388 petition asking the juvenile court to provide him reunification services in light of the bond he shared with the children and new evidence that had developed since the court denied him reunification services in January 2015. As new evidence, father stated that he continued to participate in domestic violence counseling and child abuse and neglect classes at Sierra Education and Counseling Services. He attached progress reports for July 2015 in which David Polinsky reported that father attended 29 of the 52 required domestic violence classes and that his participation was "exemplary." He also reported that father had been "on a mission" since he started the program and that he had not had the pleasure of working with someone "so driven" in a "very long time." Polinsky also reported that father's

6

attendance in the parenting program was "flawless" and his input showed "reflection [and] comprehension of [the] subject matter." He further stated, "I can honestly state that it has been years since I have worked [with] an individual as driven to bring about change in his life. [Father] probably has a stronger commitment to complete and absorb information than the vast majority of participants."

Father further asserted as new evidence that he had been residing at the Salvation Army shelter, had remained clean and sober for 11 months, and attended Narcotics Anonymous meetings, as well as substance abuse classes, and domestic violence and anger management groups. He attached a letter from a case manager at the Salvation Army stating he had been in the program since March 11, 2015, and had been an "excellent client." Father stated that, if called to testify, he would say he accepted responsibility for his drug use and domestic violence. He would also express his remorse for not immediately taking Michael to the doctor and not protecting him from injury, and for being a poor partner to Michael's mother. He would say he feels as though Michael is his son and would ask the court to grant him reunification services so he could be the father his children deserved. As to why reunification services would serve the children's best interests, father stated that the children remained bonded to him.

On July 24, 2015, the juvenile court summarily denied father's third section 388 petition, indicating on the form JV-183 that the proposed change of order did not promote the Arianna's and A.L.'s best interests. In a handwritten explanation, the court stated:

> "The children were detained more than 10 months ago. There is no prima facie showing that providing services, which were bypassed under [section 361.5, subdivision (b)(5)],[3] are likely to prevent re-abuse or continued neglect or that the failure to try reunification will be detrimental to the

---

**3**    Though the juvenile court cites section 361.5, subdivision (b)(5) as the basis on which it denied father reunification services, the reporter's transcript for the dispositional hearing at page 80 clearly indicates it denied him services under subdivision (b)(6).

children because they are so closely and positively attached to their father.[4] Additionally, providing services at this point would delay permanency for these children."

In September 2015, father filed the instant timely notice of appeal from the juvenile court's July 24, 2015 order denying his section 388 petition. (Case No. F072356.) In January 2016, we issued our opinion in the consolidated appeals, affirming the juvenile court's orders.

## DISCUSSION

Father contends the juvenile court erred in denying his section 388 petition without conducting a hearing. We disagree. Section 388 provides, in relevant part:

> "(a)(1) Any parent … may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court … for a hearing to change, modify, or set aside any order of the court previously made …. The petition shall … set forth in concise language any change of circumstance or new evidence that is alleged to require the change of order …. [¶] … [¶] (d) If it appears that the best interests of the child … may be promoted by the proposed change of order, … the court shall order that a hearing be held and shall give prior notice."

A petition under section 388 must be liberally construed in favor of its sufficiency. (Cal. Rules of Court, rule 5.570(a).) "Thus, if the petition presents *any* evidence that a hearing would promote the best interests of the child, the court must order the hearing. [Citation.] The court may deny the application ex parte only if the petition fails to state a change of circumstance or new evidence that even *might* require a change of order …." (*In re Angel B*. (2002) 97 Cal.App.4th 454, 461 (*Angel B*.).) We review the summary denial of a section 388 petition for abuse of discretion. (*Ibid*.)

---

[4] Section 361.5, subdivision (c) prohibits the juvenile court from ordering reunification services for a parent described in section 361.5, subdivision (b)(5) "unless it finds that, based on competent testimony, those services are likely to prevent reabuse or continued neglect of the child or that failure to try reunification will be detrimental to the child because the child [was] closely and positively attached to the parent."

8

Appellate counsel cites this court to his opening brief in the consolidated appeal and argues the juvenile court erred in denying the instant section 388 petition for the same reasons it erred in denying the other two. In that opening brief, counsel argued that when viewed together, father's two section 388 petitions established a prima facie showing of new evidence and changed circumstances. Counsel further contends in this appeal that father presented even more evidence in his third section 388 petition that his circumstances had changed.

The problem with counsel's argument is that the juvenile court did *not* deny father a hearing on the third petition for failure to show a change in circumstances or new evidence. Rather, the court did not find any evidence that ordering father reunification services would serve the children's best interests.[5]

In his section 388 petition, father merely asserted that an order for reunification services would serve Arianna and A.L.'s best interests because they were bonded to him. However, he provided no evidence of the nature of that bond. Though petitions under section 388 are to be liberally construed, conclusory claims are insufficient to require a hearing. (*In re Ramone R.* (2005) 132 Cal.App.4th 1339, 1348.)

Further, the juvenile court can look to the case file and undisputed facts in deciding whether a petition has made a prima facie showing. (*Angel B.*, supra, 97 Cal.App.4th at p. 461.) Any consideration of a child's "best interests would necessarily involve eliminating the specific factors that required placement outside the parents['] home." (*Id.* at pp. 463-464.)

---

[5] It appears the juvenile court's reasoning for not finding reunification services would serve the children's best interests was based on its mistaken belief that it had denied father reunification services under section 361.5, subdivision (b)(5). The juvenile court was looking for some evidence that reunification services would prevent reabuse or that it would be detrimental to the children not to order reunification services. The juvenile court's mistaken belief, however, does not affect our review because we review the court's ruling, not its reasoning.

Here, Arianna and A.L. were removed because father seriously injured Michael. There was also evidence that he may have hit his daughters as well. Yet, despite extensive services, father had not taken responsibility for abusing Michael. His only regrets were not protecting Michael and not obtaining medical treatment for him sooner. Under the circumstances, the juvenile court could conclude that providing father reunification services would not serve the children's best interests. If father was unable to admit his physical abuse after nearly a year of services, there was no reason to believe that more services would assist him in coming to terms with his abusive behavior and learning to safely parent his children.

Finally, appellate counsel contends the children's need for permanency (referenced in the juvenile court's handwritten explanation) did not justify the denial of his petition. Counsel points out that the juvenile court continued reunification services for Alisha at the six-month review hearing. The court did, in fact, do so at the review hearing on August 3, 2015. However, as we have stated, we do not review the juvenile court's reasoning; we review its ruling. More importantly, we review the correctness of a judgment or order "as of the time of its rendition, upon a record of matters [that] were before the trial court for its consideration" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405), and we disregard matters that occur after rendition of the challenged judgment or order.[6] We therefore disregard the juvenile court's order continuing reunification services for Alisha.

We find no abuse of discretion in the juvenile court's summary denial of father's section 388 petition and affirm.

## DISPOSITION

The order is affirmed.

---

**6** There are exceptions to this rule, none of which apply here. (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.)

10